UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-414-CRS-CHL

**GREG KAMMER,**                                                                          **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**                              **Defendant.**

**REPORT AND RECOMMENDATION**

The matter is before the Court on a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed by Plaintiff, Gregory Kammer ("Kammer"). (DN 30.) Defendant, Commissioner of Social Security (the "Commissioner"), filed a response. (DN 35.) Kammer did not file a reply, and his time to do so has expired. Senior District Judge Charles R. Simpson, III, referred Kammer's motion to the undersigned "for findings of fact, conclusions of law, and recommendation." (DN 36.) Therefore, this matter is ripe for review.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion for Attorney Fees (DN 30) be **GRANTED**.

**I.**        **FINDINGS OF FACT**

On August 15, 2022, Kammer filed a Complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). (DN 1.) On February 8, 2023, the Parties filed a Joint Motion for Remand. (DN 23.) On February 14, 2023, this Court granted the motion, reversed the Commissioner's decision, and remanded the matter for further administrative proceedings. (DNs 24, 25.) On the same day, the Parties filed a Joint Stipulation for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (DN 26.) The Court entered the Parties' Joint Stipulation on February 17, 2023, awarding Kammer attorney fees in the amount of $5,500.00, "in full satisfaction and settlement of any and all claims for fees,

expenses, and costs that [Kammer] may have in the above case under the EAJA, 28 U.S.C. § 2412." (DN 27.)

On remand before the Social Security Administration ("SSA"), an ALJ found Kammer disabled and entitled to benefits beginning from March 2019. (DN 30, at PageID # 913; DN 30-1.) On September 11, 2023, the SSA notified Kammer that his first social security payment would be in the amount of $116,925.15 for amounts owed through August 2023. (DN 30-1, at PageID # 923.) The SSA also informed Kammer that it was withholding 25% of his past-due benefits in the amount of $37,907.75 in case it needed to pay his representative. (*Id.* at 925.) The total amount of Kammer's past-due benefits, therefore, is $151,631. (DN 30, at PageID # 915; DN 35, at PageID # 944.)

On October 23, 2023, Kammer filed a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) seeking an award of attorney's fees in the amount of $26,082.75. (DN 30.) Kammer indicated this amount would be offset by the original EAJA fee award of $5,500, for a net total fee sought of $20,582.75. (*Id.*) Kammer's counsel submitted an affidavit in support of the motion that attached as exhibits both an itemization of services provided and a copy of the fee agreement between Kammer and his counsel. (DNs 30-3, 30-4.) The fee agreement, which Kammer signed, provided in relevant part as follows:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won, for work performed in connection with federal court litigation. I will not be charged a fee if I do not receive past-due benefits.
>
> . . .
>
> It is possible that I will not pay any attorney fee out of my past-due benefits for my attorney's work on my behalf in court, but rather my attorney will receive the EAJA award as his or her sole compensation for representing me in court. However, my attorney has the right under this contract to ask

2

> the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, I will be refunded or credited with the amount of the smaller fee.

(DN 30-4, at PageID # 934-35.) The itemization of services provided by counsel demonstrated that two different attorneys spent a total of 51.3 hours working on Kammer's case before this Court. (DN 30-3.)

The Commissioner filed a response neither supporting nor opposing Kammer attorney fee request, recognizing that it is the Court's province to determine whether the request is reasonable under the law. (DN 35.)

## II.  CONCLUSIONS OF LAW

42 U.S.C. § 406(b)(1)(A) provides,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Contingency fee agreements are permitted under § 406 so long as such agreements do not produce fees in excess of the 25% threshold. *Id*. at 808. Where attorney and client have agreed upon payment of the statutory maximum, though the Court is not bound by the agreement, it "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). While contingency fee agreements are presumed reasonable if they comply with the 25% cap from § 406(b), deductions from the cap may be appropriate if the

3

attorney "would otherwise enjoy a windfall because of . . . an inordinately large benefit." *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990). In assessing whether a windfall would occur, the Sixth Circuit has set a "floor" to consider when assessing contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting *Hayes*, 923 F.2d at 422). At all times, it is the burden of the movant counsel to demonstrate "that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Using this framework, judges in this District have followed a four-step analysis to evaluate the reasonableness of an attorney fee award:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorneys' fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third, the court may consider other factors, such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-CV-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-CV-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. Aug. 14, 2020)).

Here, Kammer and his counsel entered into a presumptively reasonable contingency fee arrangement for 25% of any past-due benefits recovered, an amount that ultimately totaled $37,907.75. (DN 30-1, at PageID # 925; DN 30-4.) That total amount notwithstanding, Kammer's counsel seeks only the recovery of $26,082.75 in the instant motion, representing only 17% of the past-due benefits. (DN 30 at PageID # 912, 914.) Kammer's counsel represented that he was

doing so to allow the individual who represented Kammer at the administrative level representative to also file a fee petition for work performed. (*Id.* at 914.)

To support his request for fees, counsel provided information on his and his co-counsel's background and experience. (*Id.* at 918.) He represented that his law firm, Konoski & Partners, P.C., concentrates specifically on appealing social security cases to federal court and handles cases throughout the nation. (*Id.*) His firm reviews over 200 potential federal cases each month. (*Id.*) As of October 2023, they filed nearly 300 federal appellate briefs across the nation in social security disability matters. (*Id.*) They extensively market their practice in this area and receive referrals from other law firms and representatives. (*Id.*) They are members of several professional organizations focusing on social security disability law such as the National Organization of Social Security Claimants' Representatives and the National Association of Disability Representatives. (*Id.* at 919.) Finally, Mr. Konoski has spoken on a NADR webinar panel titled "[a]nalysis how an FDC firm decides to take a case," and his firm has published both writing samples and videos to assist other members of the profession in this area of the law. (*Id.*)

The hypothetical hourly rate is calculated by dividing the requested contingency fee by the hours worked by counsel. The total requested fee is $26,082.75, and counsel worked 51.3 hours resulting in hypothetical hourly rate of $508.44 per hour. This rate is between three-and-a-half and four times the standard EAJA rate in in Louisville of $140.00. *See Carter v. Saul*, No. 4:15-CV-00058-HBB, 2019 WL 4169895, at *6 (W.D. Ky. Sept. 3, 2019). Though this rate is not *per se* reasonable, it "may well be reasonable" if counsel can prove their experience merits such an award. *Lasley*, 771 F.3d at 309. In this district, fees as much as $600 per hour have been found reasonable when the attorney had a wealth of experience in Social Security cases. *See, e.g.*, *Philpott v. Comm'r of Soc. Sec.*, No. 3:15-cv-554, 2021 WL 2109225, at *5 (W.D. Ky. May 25,

2021). Counsel has provided ample information regarding his law firm's extensive experience in social security cases to justify this rate. Moreover, the hours worked are reasonable in relation to the complexity of the case, and the Commissioner does not oppose Counsel's requested hypothetical rate. While the factor of delay might have merited additional consideration, the Court notes that counsel separately filed a motion for extension of time to file his instant motion for fees that was granted by the Court. (DNs 28, 29, 34.) Thus, the instant motion is timely. For these reasons, the undersigned finds that counsel has carried the burden of proving the reasonableness of the requested contingency fee, and the undersigned will recommend that the motion be granted.

However, the undersigned notes that counsel asked that instead of refunding the EAJA fees to Kammer, the Court subtract the amount of EAJA fees from the award he requests, making the total amount awarded $20,582.75. The Commissioner does not object to Counsel's request to subtract the EAJA fee amount. Accordingly, the undersigned recommends that the Court award Kammer's counsel attorneys' fees in the net amount of $20,582.75.

### III. RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion for Attorney Fees (DN 30) be **GRANTED**. The undersigned recommends that the Court award attorneys' fees in the amount of **$26,082.75**, reduced by the original EAJA fee award of $5,500, for a total net award of **$20,582.75**, to be paid out of Kammer's past-due benefits.

*[Signature]*

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

September 24, 2024

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).